646 A.2d 56

**BLACK ROCK EXPLORATION COMPANY, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1994.

Decided July 20, 1994.

Michael Halliday, for petitioner.

Jody Rosenberg, Asst. Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Black Rock Exploration Company, Inc. (Black Rock) appeals an order of the Environmental Hearing Board (Board)

dismissing its appeal from an assessment of civil penalty issued by the Department of Environmental Resources (DER).

On March 12, 1993, Black Rock, a surface method coal mining company, received notice of an assessment of civil penalty from DER in the amount of three thousand, five hundred dollars ($3,500.00). The assessment notice alleged that Black Rock failed to store a twelve inch (12″) layer of topsoil at one of its mining sites as required by DER regulations. The notice also informed Black Rock that it had the right to appeal the assessment within thirty days to the Board. Regarding the payment of the assessed penalty and the appeals process, the notice specified as follows:

> You must pay the civil penalty assessed herein in full within thirty (30) days of receipt of this Assessment, or if you wish to appeal the assessment, you must either forward the amount of the assessment to the Environmental Hearing Board for placement in an escrow account or you must forward an appeal bond to the Board in the amount of the assessment. The appeal, together with the escrow deposit or the appeal bond, must be filed with the Environmental Hearing Board within thirty (30) days of notice of this Assessment of Civil Penalty. THE PROCEDURES FOR APPEALING THIS CIVIL PENALTY ASSESSMENT, AS SET FORTH IN SECTION 18.4 OF THE SURFACE MINING ACT, 52 P.S. § 1396.22, AND SECTION 605(B) OF THE CLEAN STREAMS LAW, 35 P.S. § 691.605(b) MUST BE FOLLOWED OR THE RIGHT TO APPEAL THIS ASSESSMENT OF CIVIL PENALTY WILL BE WAIVED. Copies of the appeal form and the regulations governing practice and procedure before the Board may be obtained from the Board.

(R.R. 7a). (Emphasis in original).

By letter, Black Rock wrote to the Board requesting copies of its Notice of Appeal forms and a copy of the regulations governing practice and procedure before the Board. The Board, on March 25, 1993, when it received Black Rock's

letter, docketed a "skeleton appeal" pursuant to 25 Pa.Code § 21.52(c) of its regulations which provides:

> (c) An appeal which is perfected under this section but does not otherwise comply with the form and content requirements of § 21.51 will be docketed by the Board as a skeleton appeal. The appellant shall, upon request from the Board, file the required information or suffer dismissal of the appeal.

On March 31, 1993, the Board mailed Black Rock an order stating, in part, as follows:

> AND NOW, this 31st day of March, 1993, upon consideration that Appellant Black Rock Exploration Co., Inc. has failed to perfect its appeal in that it has not supplied all of the information required by 25 Pa.Code § 21.51, it is ordered that *on or before April 15, 1993,* Black Rock Exploration Co., Inc. shall file the following information with the Board ...

> (Emphasis added). (R.R. 9a).

The Board, in the order, required Black Rock to file a copy of the action being appealed, the date it received notification of said action, its objections, and an indication of party notification.

On April 15, 1993, Black Rock sent to the Board the information requested in the March 31, 1993 order, as well as, an appeal bond in the amount of $3,500.00. Thereafter, DER filed a motion to dismiss Black Rock's appeal to the Board asserting that Black Rock failed to timely perfect its appeal to the Board when it failed to escrow the assessed penalty amount or file an appeal bond within thirty (30) days of DER's original, March 12, 1993, notice of assessment. The Board agreed and dismissed Black Rock's appeal.

Here, Black Rock argues that it was error for the Board to dismiss its appeal. Black Rock maintains that the Board's order of March 31, 1993, wherein it specified that Black Rock had until April 15, 1993 to file certain information, extended the 30 day period specified in DER's original March 12, 1993 notification for filing its appeal and for filing of its appeal

bond. We agree and reverse the Board's order dismissing Black Rock's appeal.

The Board's order, dated March 31, 1993, as set forth hereinabove, clearly extended the period of time which Black Rock had to perfect its appeal from April 12, 1993 (thirty days from March 12, 1993) to April 15, 1993 (the date for filing set forth in the March 31, 1993 order). Equally clear is that Black Rock complied with the March 31, 1993 order when it filed all the information requested in the March 31, 1993 order in a timely manner, i.e., on April 15, 1993. The operative question here is whether the extension specified in the Board's March 31, 1993 order applied to Black Rock's filing of an appeal bond. DER maintains that although the March 12, 1993 notification, as applied to Black Rock's appeal papers, was extended by the Board's March 31, 1993 order, DER argues that the March 12, 1993 notification continued to apply to Black Rock's filing of an appeal bond. Therefore, DER contends that Black Rock had only until April 12, 1993 to file an appeal bond, rather than April 15, 1993, when the bond was actually filed.

Thus, DER would have us hold that the filing of the appeal bond and the filing of the appeal papers were clearly two separate acts governed by two separate notices, i.e., the appeal bond being governed by DER's March 12, 1993 notification and the appeal papers being governed by the Board's March 31, 1993 order. While DER maintains that Black Rock unreasonably assumed that the March 31, 1993 notification, in addition to extending the time period for filing its appeal papers, extended the period for filing its appeal bond, we note that DER's March 12, 1993 notice specifically advised Black Rock that it had thirty (30) days to file "[t]he appeal *together with* the escrow deposit or the appeal bond." (Emphasis added).

Our review of the matter reveals that it was reasonable for Black Rock to assume that the March 31, 1993 order of the Board not only extended the time period for filing its appeal papers but also extended the period for filing its appeal bond to April 15, 1993. Consequently, Black Rock properly perfect-

ed a timely appeal and it was erroneous for the Board to conclude otherwise. Accordingly, we reverse the Board's order and remand the matter for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 20th day of July, 1994, the order of the Pennsylvania Environmental Hearing Board dated September 20, 1993 is reversed and the matter is remanded.

Jurisdiction is relinquished.